ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACOB DUFFEE, *as Assignee of R.D.* § § § <br> **Plaintiff,** § § <br> vs. § § <br> **CREDIT BUREAU** § <br> **COLLECTION SERVICE, INC.** § § <br> **Defendant.** § § § | Civil Action No. _____ <br><br> 3:12CV0190-L |



## PLAINTIFF'S ORIGINAL COMPLAINT

For this Complaint, the Plaintiff Jacob Duffee, as assignee of R.D., states as follows:

### JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the R.D.'s personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, JACOB DUFFEE ("Plaintiff"), is an adult individual residing in Dallas County, Texas, and is the assignee of R.D. Assignor R.D. is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CREDIT BUREAU COLLECTION SERVICE, INC., ("CBCS") is an Ohio corporation, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), but is *not* a "credit-reporting agency" as the term is defined by the Fair Credit Reporting Act §603(f) ("FCRA"), nor is CBCS employed by or operate such an agency. Defendant CBCS may be served with process by serving its registered agent, to wit: CSC, 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701

6. CBCS recently paid more than $1 million to the Federal Trade Commission ("FTC") for violations of FDCPA and FCRA.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. R.D. incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to CBCS for collection, or CBCS was employed by the Creditor to collect the Debt.

10. CBCS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBCS Engages in Harassment and Abusive Tactics

11. R.D. incurred a Debt. **(AT&T Mobility Account No. 307410335)**

12. CBCS began contacting R.D.'s ex-wife, without R.D.'s permission, notifying her of R.D.'s Debt, and attempting to collect the Debt from her. R.D.'s ex-wife informed CBCS that she was divorced to R.D. and that the Debt was incurred by R.D.

13. Despite this, CBCS continued to call R.D.'s ex-wife, notify her of R.D.'s Debt, and attempting to collect the Debt from her.

14. R.D. received a phone call from his ex-wife, asking why CBCS kept calling her about a Debt belonging to R.D. As a result of CBCS's unlawful actions, tensions ignited between R.D. and his ex-wife.

15. The next day, R.D. called CBCS and asked CBCS if they had called his ex-wife. CBCS would not tell R.D. whether or not it had contacted his ex-wife, although knowing it had done so.

16. R.D. asked CBCS what its name was, in which CBCS stated, "C-B-C-S…stands for Credit Bureau Collection Service." CBCS did not state that the communication was from a debt collector, but rather, only stated that the communication was "an attempt to collect a debt and any information will be used for that purpose," and as a result, R.D. believed "Credit Bureau Collection Service" was a consumer reporting agency. "Credit Bureau Collection Service" then told R.D. that if he failed or refused to pay the Debt, his stated reasons for non-payment would

be put on his "credit." CBCS acts and omissions suggested to R.D. that he might endanger his credit rating if he did not immediately pay the Debt.

**C. Plaintiff Suffered Actual Damages**

17. Plaintiff as assingee of R.D. has suffered damages as a result of CBCS's unlawful conduct.

18. As a direct consequence of CBCS's acts, practices and conduct, R.D. suffered from anger, anxiety, emotional distress, fear and frustration. Communications from CBCS to R.D.'s ex-wife about his Debt caused disputes and relationship problems between R.D. and his ex-wife.

19. CBCS's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. CBCS's conduct violated 15 U.S.C. § 1692c(b) in that CBCS communicated with individuals other than R.D., R.D's attorney, R.D.'s spouse, or a credit bureau.

22. CBCS conduct violated 15 U.S.C. § 1692e(16) in that CBCS employed false and deceptive means to collect a debt, using "Credit Bureau" as part of its company name, deceiving R.D. into believing CBCS was a consumer reporting agency.

23. CBCS conduct violated 15 U.S.C. § 1692e(11) in that CBCS engaged in subsequent communications with R.D., failing to inform him that the communication was from a debt collector, rather, only stating the communication was from "C-B-C-S… in an attempt to collect a debt and any information will be used for that purpose." CBCS's omission that it was a debt collector led R.D. into believing "Credit Bureau Collection Service" was a consumer reporting agency.

24. CBCS does not operate a credit-reporting agency (its parent company does) and is not employed by a credit-reporting agency. CBCS enjoys a competitive advantage over collection agencies with less imposing company names. In drafting the FDCPA, Congress intended "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged". *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir.1997).

25. Only a true consumer reporting agency (which CBCS is not) may use such names as "Credit Bureau," "Credit Bureau Collection Agency," "General Credit Control," "Credit Bureau Rating, Inc.," or "National Debtor's Rating." *See,* non-binding FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097 (Dec. 13, 1988). *See also, McKenzie v. E.A. Uffman & Assoc., Inc.,* 119 F.3d 358 (5th Cir.1997). Therefore, CBCS conduct violated 15 U.S.C. § 1692e(16) in that CBCS used "Credit Bureau" as part of its company name, falsely representing or implicating that it operates or is employed by a consumer reporting agency as the term is defined by the Fair Credit Reporting Act §603(f).

26. The foregoing acts and omissions of CBCS constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff, as assingee, is entitled to damages as a result of CBCS's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. R.D. is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. CBCS is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7). CBCS, however, is *not* a "credit bureau" as defined by Tex. Fin. Code Ann. § 392.001(4).

31. CBCS conduct violated Tex. Fin. Code Ann. § 392.304(a)(5)(B) in that CBCS engaged in subsequent communications with R.D., failing to inform him that the communication was from a debt collector, rather, only stating the communication was from "C-B-C-S… in an attempt to collect a debt and any information will be used for that purpose." CBCS's omission that it was a debt collector later led R.D. into believing CBCS was a "credit bureau."

32. CBCS conduct violated Tex. Fin. Code Ann. § 392.304(a)(19) in that CBCS employed false and deceptive means to collect a debt, *inter alia,* by using "Credit Bureau" as part of its company name, thereby, falsely implying CBCS was a "credit bureau" as the term is defined by Tex. Fin. Code Ann. § 392.001(4).

33. CBCS conduct violated Tex. Fin. Code Ann. § 392.305 in that CBCS used "credit bureau" in its business or trade name, and CBCS is not engaged in "gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit;" and further, CBCS is not a nonprofit retail trade association. *See, id.*

34. The Plaintiff is entitled to actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Texas further recognizes a person's right to be free from invasions of privacy, thus CBCS violated Texas state law.

38. CBCS intentionally intruded upon the R.D.'s right to privacy by notifying his ex-wife of his Debt.

39. The conduct of CBCS in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, Plaintiff as assignee is entitled to actual damages in an amount to be determined at trial from CBCS.

41. All acts of CBCS and its agents were committed with malice, intent, wantonness, and recklessness.

## COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43. The acts, practices and conduct engaged in by CBCS *vis-à-vis* R.D. was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

45. All acts of CBCS and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees (to be incurred) pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

5. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

6. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 17, 2012

Respectfully submitted by

Jacob Duffee, *Pro Se*
423 Mapleleaf Drive
Duncanville, Texas 75137
Ph (972) 921-0546
jacobduffee@aol.com

U.S. POSTAGE $1.68
FCM LG ENV
75137
Date of sale 01/17/12
0924137

RECEIVED
JAN 19 2012

Duffee
423 Mapleleaf
Duncanville TX 75137

US TXND
District Clerk
1100 Commerce St
Room 1452
Dallas TX 75242

JS 44 (Rev. 11/04)                                CIVIL COVER SHEET   ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JACOB DUFFEE  assignee of R.D.

(b) County of Residence of First Listed Plaintiff  DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

3:12CV0190-L

(c) Attorney's (Firm Name, Address, and Telephone Number)

### DEFENDANTS
CBCS Inc

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

RECEIVED JAN 19 2012 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES  (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers' Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine |  **PERSONAL INJURY**  ☐ 362 Personal Injury - Med. Malpractice  ☐ 365 Personal Injury - Product Liability  ☐ 368 Asbestos Personal Injury Product Liability  **PERSONAL PROPERTY**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) |  | ☐ 660 Occupational Safety/Health |  | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits |  |  | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |

### V. ORIGIN  (Place an "X" in One Box Only)
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FDCPA

Brief description of cause:
Debt collection pratices

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  01/17/2012          SIGNATURE OF ATTORNEY OF RECORD  /s/ Jacob Duffee

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____